IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION


UNITED STATES OF AMERICA,

    Plaintiff,

v.        No.02-20380-B

MICHAEL R. SMITH,

    Defendant.

_____

**ORDER**
_____

    Before the Court is the resentencing of the defendant, Michael R. Smith, by order of remand from the Sixth Circuit Court of Appeals pursuant to United States v. Booker, 125 S.Ct. 738 (2005). On December 13, 2005, the Sixth Circuit issued a mandate for its disposition on November 21, 2005, which directed that "the government's motion to remand is GRANTED. We vacate the defendant's sentence and remand this case to the District Court for resentencing and consideration of any issues related to bail." United States v. Michael R. Smith, No. 04-6489, slip op. at 2 (6th Cir. November 21, 2005). Pursuant to that mandate, this Court scheduled a resentencing on June 28, 2006 at which time the government requested a continuance due to objections filed to the presentence report by the defendant. The Court granted that motion and reset the sentencing for July 27, 2006.

    Prior to the previously set resentencing hearing, the defendant, who had been appointed new defense counsel, submitted on June 6, 2006 a position paper on resentencing in which he filed objections to parts of the presentence report. At the first sentencing, the defendant, through his previous counsel, had waived all of his objections to the presentence report and agreed with the government to recommend a specific period of imprisonment. Inasmuch as this matter has been remanded to this Court for resentencing, the issue has arisen as to whether or not this prior waiver by the defendant prevents present defense counsel from raising any of these objections.

    Although the Court has not found any direct authority post-Booker which speaks to the issue,

because the Sixth Circuit has issued a general remand, the Court concludes that it may consider all issues with respect to resentencing. Pursuant to 28 U.S.C. § 2106, courts of appeal are provided broad discretion to issue general or limited remands. In that regard, a district court is bound to follow the scope of the remand. See United States v. Campbell, 168 F.3d 263, 265 (6th Cir. 1999). As stated in Campbell,

> Limited remands explicitly outline the issues to be addressed by the district court and create a narrow framework within which the district court must operate... General remands, in contrast, give district courts authority to address all matters as long as remaining consistent with the remand. (citations omitted)

In this case, the Sixth Circuit remanded the case back to this Court for resentencing without placing any limitations on this Court's ambit of review. Consequently, from the language of the Sixth Circuit's order, it does not appear that this Court is constrained in what it may consider. As set forth in United States v. O'Dell, III, 20 F.3d 674, 679 (6th Cir. 2003), "if a remand is general, the district court can resentence the defendant de novo, 'which means the district court may redo the entire sentencing process including considering new evidence and issues.'" (citing and quoting from United States v. Moore, 131 F.3d 595, 597 (6th Cir. 1997). Unless the Court of Appeals specifically limits the remand, this Court may consider any evidence, even that which was not presented at the previous hearing. Inasmuch as it will be redoing the entire sentencing process, the Court finds that it may consider those objections that previous counsel had not raised or had waived.

Accordingly, the Court will consider all objections by either party at the resentencing which is currently scheduled for July 27, 2006 and the Probation Office is directed to prepare a response to the objections filed by the defendant in its June 6, 2006 position paper.

**IT IS SO ORDERED** this 12th day of July, 2006.

                               s/J. DANIEL BREEN
                               UNITED STATES DISTRICT JUDGE